UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBERT W. KELLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:19-cv-0194-KOB-HNJ |
| DEWAYNE ESTES, Warden, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This action proceeds as a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by Robert W. Kelley, a prisoner proceeding *pro se*. On February 14, 2019, the magistrate judge entered a report recommending the petition be denied as time barred and/or unexhausted. (Doc. 4). The petitioner filed objections to the report and recommendation on February 26, 2019. (Doc. 5).

Relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), the petitioner argues equitable relief is available to a petitioner to excuse a procedural default where the default is the result of having ineffective post-conviction counsel, or no post-conviction counsel, to assist him. He contends that "*Martinez* allows him to present his claims before Hon. Court" due to the absence of "post-conviction

counsel to help assist him in properly presenting & arguing his claims of Ineffective Assistance of trial counsel before the state court." (Doc. 5 at 1-2).

The petitioner's reliance on *Martinez* is misplaced. The *Martinez* decision limited its reach to state law regimes mandating that claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding. 566 U. S. at 17. In *Martinez*, Arizona law did not allow ineffective assistance of counsel claims on direct appeal; rather, Arizona required filing of such claims in state collateral proceedings. (*Id*. at 6). Under such circumstances, "this makes the initial-review collateral proceeding a prisoner's 'one and only appeal' as to an ineffective-assistance claim," and therefore this process "may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings." (*Id*.at 8-9) (*quoting Coleman v. Thompson*, 501 U. S. at 755-76 (1991)).

The *Martinez* court explained:

By deliberately choosing to move trial-ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims. It is *within the context of this state procedural framework* that counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default.

566 U. S. at 13 (emphasis added).

But the State of Alabama does not employ the "procedural framework" adopted by Arizona, so *Martinez* does not apply to the petitioner's claims here. Alabama allows litigants to advance ineffective assistance of counsel claims on

direct appeal when they have counsel. *See Williams v. State*, 2017 WL 3976601 at *3 (11th Cir. 2017) ("Alabama does not bar a prisoner from raising [a claim of ineffective assistance of trial counsel] on direct appeal…. Instead, 'any claim that counsel was ineffective must be raised as soon as practicable, either at trial, *on direct appeal*, or in the first Rule 32 petition, whichever is applicable'") (*quoting* Ala. R. Crim. P. 32.2(d)) (emphasis added). Therefore, the petitioner cannot assert a post-conviction ineffective assistance claim to excuse time-barred and unexhausted claims.

Accordingly, after careful consideration of the record in this case, including the magistrate judge's report and the petitioner's objections, the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendations. In accordance with the recommendation, the court finds that the petition in this matter is due to be denied as time-barred and/or unexhausted, and this matter is due to be dismissed.

The court will enter a separate Final Order.

The Clerk is **DIRECTED** to serve a copy of this memorandum opinion, and the accompanying Final Judgment, on the petitioner.

DONE and ORDERED this 19th day of August, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE